UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BJORSTROM,<br><br>         Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation,<br><br>         Respondent. | Case No.: 16cv151-MMA (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 18]<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 12]<br><br>**DENYING AS MOOT PETITIONER'S MOTION TO APPOINT COUNSEL;**<br><br>[Doc. No. 20]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

   Petitioner Gary Lee Bjorstrom, proceeding *pro se*, has filed a First Amended Petition for writ of habeas corpus ("petition") pursuant to Title 28, United States Code,

1

section 2254. *See* Doc. No. 3. Respondent Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation, moves to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one year statute of limitations period to file a federal habeas petition. *See* Doc. No. 7. The Court referred the matter to United States Magistrate Judge William V. Gallo for preparation of a Report and Recommendation pursuant to Title 28, section 636(b)(1), and Civil Local Rule HC.2. Judge Gallo issued a well-reasoned and thorough report recommending, *inter alia*, that the Court grant Respondent's motion and dismiss the petition as untimely. *See* Doc. No. 12. Petitioner filed objections to the Report and Recommendation, contemporaneously with a motion to appoint counsel. *See* Doc. Nos. 20, 21. Respondent filed supplemental briefing in response to Petitioner's motion to appoint counsel. *See* Doc. No. 24.

## DISCUSSION

### 1. Standard of Review

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### 2. Analysis

Petitioner objects to the recommendation that his petition be dismissed as untimely under AEDPA on three grounds. First, Petitioner contends that his post-conviction filings in state court tolled the statutory time for filing his petition in federal court. However, Judge Gallo correctly concluded that Petitioner's state court submissions were not "properly filed" applications for collateral relief under Section 2244(d)(2). *Maes v. Chavez*, 792 F.3d 1132, 1134 (9th Cir. 2015).

Petitioner also raises two grounds for equitable relief from the statute of limitations. Petitioner asserts that he was unaware of the applicable one-year statute of

limitations. However, a *pro se* petitioner's confusion or "ignorance of the law" is not an "extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

In addition, Petitioner argues that insufficient access to legal resources hindered his ability to timely file a federal petition. Petitioner has complained repeatedly regarding the lack of a law library at his current place of incarceration, East Mesa Detention Facility, and the inadequacy of the legal research materials otherwise available. However, limitations on law library access and research materials are considered to be normal conditions of incarceration, and generally do not entitle a petitioner to equitable relief. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). Furthermore, Petitioner did not arrive at the East Mesa facility until several weeks subsequent to the expiration of the AEDPA deadline. As such, any alleged inadequacy in the legal resources available at East Mesa could not have caused him to miss the filing deadline.

Petitioner further contends that he attempted unsuccessfully to obtain a federal habeas form prior to the expiration of the statute of limitations. According to Petitioner, he ultimately had to request the form directly from the Clerk of Court, and did not receive the form until after the deadline for filing his federal petition. While a state must provide a law library or legal assistance during the pleading stage of a habeas action, *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995), Petitioner fails to establish that the lack of a pre-printed federal habeas form resulted in the complete inability to assert his claims. Equitable tolling is available to excuse an untimely petition only when "extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010) (emphasis in original) (internal quotations omitted). Petitioner makes no such showing, and the record demonstrates that he clearly had the ability to prepare and file legal papers prior to his transfer to the East Mesa facility.

Accordingly, upon due consideration and after conducting a *de novo* review of the pertinent portions of the record, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation.

Petitioner moves for appointment of counsel to represent him in any further proceedings. Because Petitioner's petition is untimely and therefore subject to dismissal, the Court **DENIES** Petitioner's motion as moot.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons stated above, and those set forth in detail in Judge Gallo's Report and Recommendation, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court **DECLINES** to issue a certificate of appealability.

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, **DENIES** Petitioner's motion to appoint counsel as moot, and **DISMISSES** the petition with prejudice. The Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is instructed to close the case and enter judgment in favor of Respondent.

**IT IS SO ORDERED**.

DATE: February 10, 2017

HON. MICHAEL M. ANELLO
United States District Judge